# Court of Appeals
# of the State of Georgia

ATLANTA,  July 20, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2447. JIM LINZELL JACKSON, SR. v. NATIONAL UNION FIRE INSURANCE COMPANY.

Jim Linzell Jackson Sr. filed a pro se lawsuit naming Lehern McGovern Bovis Inc., National Union Fire Insurance Company of Pittsburgh, PA, and American International Group (AIG) Construction Risk Claims as defendants. The trial court entered an order dismissing National Union Fire Insurance Company, and Jackson filed this appeal. We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies only from a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1)(B). And "[i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (quotation marks omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal procedures set forth in OCGA § 5-6-34(b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (quotation marks omitted).

Based on the record before us, it appears that claims remain pending against defendants other than National Union Fire Insurance Company. Because the case remains pending below — and because the trial court did not enter judgment in accordance with OCGA § 9-11-54(b) — Jackson was required to comply with the

interlocutory appeal procedures in order to appeal. His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,___07/20/2026_____

      I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

      Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.